Toby J. Marshall, WSBA #32726
Marc C. Cote, WSBA #39824
Attorneys for Plaintiffs and Proposed Class
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Email: tmarshall@terrellmarshall.com
Email: mcote@terrellmarshall.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIANO CARRANZA and ELISEO MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOVEX FRUIT COMPANY,<br><br>Defendant. | NO.<br><br>**COMPLAINT**<br><br>Class Action |

Plaintiffs Mariano Carranza and Eliseo Martinez, by their undersigned attorneys, for this class action complaint against Defendant Dovex Fruit Company ("Dovex" or "Defendant"), allege as follows:

**I. INTRODUCTION**

1.1    Nature of Action.  This is an employment law action against Dovex pursuant to Washington employment law and the federal Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"). Plaintiffs bring this action

COMPLAINT - 1

against Dovex for engaging in a systematic scheme of wage and hour violations against farmworkers at Dovex's farms in Washington. These violations include failure to provide rest breaks, failure to separately pay for rest breaks, failure to pay for all work performed, failure to keep accurate records of actual hours worked, and failure to provide pay statements with accurate statements of actual hours worked.

## II. JURISDICTION AND VENUE

2.1  <u>Jurisdiction</u>.  This Court has subject-matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and AWPA, 29 U.S.C. § 1854(a).  This Court also has supplemental jurisdiction over the Washington state law claims pursuant 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.  This Court is empowered to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1854(c)(1).

2.2  <u>Venue</u>.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant does sufficient business in this District to subject it to personal jurisdiction herein and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## III. PARTIES

<u>Plaintiff Mariano Carranza</u>.

3.1     Plaintiff Carranza is a "migrant agricultural worker" under AWPA.

3.2     Plaintiff Carranza resides in Fresno, California.

3.3     Plaintiff Carranza began working for Dovex in Washington in 2009.

3.4     Plaintiff Carranza has traveled from his permanent residence to pick apples, pears, and cherries for Dovex each year since 2009. Plaintiff Carranza has generally worked for Dovex during the summer harvest until approximately October or November each year.

3.5     Until August or September 2015, Dovex failed to provide Plaintiff Carranza paid, ten-minute rest breaks for every four hours of work when Plaintiff Carranza worked on a piece-rate basis for Dovex. During this period, Dovex did not separately pay Plaintiff Carranza for rest breaks. Also, during this period, Dovex did not provide Plaintiff Carranza ten minutes of additional pay for each rest break Dovex failed to provide him.

3.6     Dovex failed to pay Plaintiff Carranza for all work he performed.

3.7     Dovex failed to make and keep accurate records of Plaintiff Carranza's hours worked and failed to provide to Plaintiff Carranza accurate written statements of his hours worked each pay period.

COMPLAINT - 3

Plaintiff Eliseo Martinez

3.8   Plaintiff Martinez is a "seasonal agricultural worker" under AWPA.

3.9   Plaintiff Martinez resides near Ephrata, Washington.

3.10  Plaintiff Martinez began working for Dovex in Washington during the summer of 2012.

3.11  Between 2012 and 2014, Plaintiff Martinez picked apples, pears, and cherries for Dovex during the summer harvest until approximately October or November each year.

3.12  Dovex failed to provide Plaintiff Martinez paid, ten-minute rest breaks for every four hours of work when he worked on a piece-rate basis for Dovex.  Dovex did not separately pay Plaintiff Carranza for rest breaks.  Also, Dovex did not provide Plaintiff Carranza ten minutes of additional pay for each rest break Dovex failed to provide him.

3.13  Dovex failed to pay Plaintiff Martinez for all work he performed.

3.14  Dovex failed to make and keep accurate records of Plaintiff Martinez's hours worked and failed to provide to Plaintiff Martinez accurate written statements of his hours worked each pay period.

Defendant Dovex Fruit Company

3.15  Dovex is a Washington corporation with its principal place of business in Wenatchee, Washington.

COMPLAINT - 4

3.16   Each summer, Dovex hires hundreds of migrant and seasonal workers to pick fruit, including apples, pears, and cherries, at its orchards in Washington.

3.17   Many of Dovex's workers travel from their permanent residences in other states to work from the early summer until October or November.

3.18   Most of Dovex's migrant and seasonal employees do not speak English.

3.19   Dovex pays migrant and seasonal employees piece-rate wages based on the quantity of fruit picked each day.

3.20   Dovex also pays some migrant and seasonal employees hourly wages for certain work related to the fruit harvest.

3.21   Dovex is an "agricultural employer" under AWPA, and Dovex employed or employs Plaintiffs and the members of the proposed class.

## IV.  CLASS ACTION ALLEGATIONS

4.1   <u>Class Definition</u>.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this case as a class action on behalf of a class defined as follows:

> All current and former migrant and seasonal employees of Defendant Dovex Fruit Company who performed fruit harvest work for Defendant in Washington at any time between November 3, 2012 and the date of final disposition of this action.

COMPLAINT - 5

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are any workers who came to work at Dovex on an H-2A visa.

4.2     Numerosity. The members of the Class are so numerous that joinder is impracticable. There are over 800 members composing the Class. Members of the Class are geographically dispersed throughout multiple states. In addition, members of the Class have a low degree of sophistication, limited English proficiency, and lack the resources to sue individually. The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

4.3     Commonality. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These questions include, but are not limited to, the following:

a.     Whether Dovex has engaged in a common course of failing to provide migrant and seasonal employees with required paid rest breaks;

b.     Whether Dovex has engaged in a common course of failing to pay minimum wages to migrant and seasonal employees for all work performed;

c.     Whether Dovex has engaged in a common course of failing to pay the proper wages owed to seasonal and migrant employees when due;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

    d.    Whether Dovex has engaged in a common course of failing to provide migrant and seasonal employees with accurate written statements of hours worked;

    e.    Whether Dovex engaged in a common course of failing to make and keep accurate records of hours worked for migrant and seasonal employees;

    f.    Whether Dovex has engaged in a common course of failing to maintain true and accurate time and payroll records for all work performed by seasonal and migrant employees;

    g.    Whether Dovex engaged in a common course of failing to separately pay piece-rate migrant and seasonal employees for their rest breaks before August or September 2015;

    h.    Whether Dovex has violated 29 U.S.C. § 1822(a) and 29 U.S.C. § 1832(a);

    i.    Whether Dovex has violated 29 U.S.C. § 1821(d)(1) and (d)(2), and 29 U.S.C. § 1831(c)(1) and (c)(2);

    j.    Whether Dovex has violated RCW 49.46.070, WAC 296-131-015, WAC 296-131-017, and WAC 296-128-010;

    k.    Whether Dovex has violated WAC 296-131-020;

    l.    Whether Dovex has violated RCW 49.46.020 and RCW 49.46.090;

    m.    Whether Dovex has violated RCW 49.52.050; and

COMPLAINT - 7

n.  The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4  <u>Typicality</u>.  The claims of Plaintiffs are typical of the claims of the Class.  Plaintiffs have been employed by Dovex as migrant or seasonal agricultural workers and thus are members of the proposed Class.  The claims of Plaintiffs, like the claims of the Class, arise out of the same common course of conduct by Dovex and are based on the same legal and remedial theories.

4.5  <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained competent and capable attorneys who are experienced litigators with significant experience in complex class action litigation, including employment law.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the Class.

4.6  <u>Predominance</u>.  Dovex has engaged in a common course of violating the employment rights of Plaintiffs and members of the Class.  The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4.7     Superiority.  Plaintiffs and members of the Class have suffered and will continue to suffer harm and damages as a result of Dovex's unlawful and wrongful conduct.  Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive.  Class members also face challenges vindicating their rights on an individual basis due to the logistical realities of migrating to find work, limited English proficiency, lack of familiarity with the court system, and other barriers to their access to justice.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.  The Class members are readily identifiable from Dovex's records.

## V.  SUMMARY OF FACTUAL ALLEGATIONS

5.1     Common Course of Conduct.  At all times relevant to this complaint, Dovex has engaged in, and continues to engage in, a common course of violating the employment rights of migrant and seasonal employees in the state of Washington as described below.

5.2     Failure to Provide Paid Rest Breaks.  Dovex's common course of employment rights violations includes failing to provide migrant and seasonal workers with paid rest breaks as required by Washington law.  Dovex has not

COMPLAINT - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

provided its piece-rate migrant and seasonal workers with ten-minute rest breaks for every four hours of work. Dovex has also failed to provide ten minutes of additional pay for each rest break migrant and seasonal workers have missed. Until August or September 2015, Dovex also failed to separately pay its piece-rate migrant and seasonal workers for rest breaks at their average hourly rate. Dovex has had actual or constructive knowledge of the fact that it has not provided piece-rate migrant and seasonal workers ten-minute rest breaks for every four hours of work, has not provided migrant and seasonal workers ten minutes of additional pay for each rest break they have missed, and has not separately paid piece-rate migrant and seasonal workers for rest breaks at their average hourly rate.

5.3    <u>Failure to Pay Minimum Wage</u>. Dovex's common course of employment rights violations also includes failing to pay at least minimum wage to migrant and seasonal workers for all work performed. Dovex has failed to pay piece-rate migrant and seasonal workers for work performed in addition to their piecework. Such additional work includes, but is not limited to, carrying ladders to a company trailer so that the ladders can be transported to another orchard block, waiting for the company trailer so that ladders can be transported to the next orchard block, waiting for equipment and materials necessary for the work, traveling between orchard blocks during the workday, attending required work

COMPLAINT - 10

meetings, storing equipment and materials, waiting to move to another orchard block after work in one orchard block is complete, and moving equipment and materials to different orchard blocks.  Up until August or September 2015, Dovex also violated Washington minimum wage law by not separately paying piece-rate migrant and seasonal workers for rest breaks.

5.4  Failure to Pay Wages When Due.  Dovex's common course of employment rights violations also includes failing to pay migrant and seasonal workers proper wages when due.  Up until August or September 2015, Dovex failed to provide piece-rate migrant and seasonal workers with paid rest breaks, thus entitling them to additional wages each pay period.  Dovex has also failed to pay workers at least minimum wage for all work performed.  By failing to pay such wages, Dovex has knowingly and intentionally failed to pay proper wages when due.

5.5  Failure to Provide Accurate Statements of Hours Worked.  Dovex's common course of employment rights violations includes failing to provide migrant and seasonal employees with accurate written statements of hours worked each pay period.

5.6  Failure to Keep Accurate Records.  Dovex's common course of employment rights violations includes failing to make and keep accurate records of hours worked for migrant and seasonal employees.

COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VI.  FIRST CLAIM FOR RELIEF
### Violations of WAC 296-131-020 – Failure to Provide Paid Rest Periods

6.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2    WAC 296-131-020(2) provides that "[e]very employee shall be allowed a rest period of at least ten minutes, on the employer's time, in each four-hour period of employment."

6.3    By failing to provide proper rest periods to Plaintiffs and Class members, Dovex has violated WAC 296-131-020(2).

6.4    By failing to separately pay Plaintiffs and Class members for rest breaks at their average hourly rate before August or September 2015, Dovex violated WAC 296-131-020(2).

6.5    As a result of the unlawful acts of Dovex, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial, and they are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.48.030.

## VII.  SECOND CLAIM FOR RELIEF
### Violations of RCW 49.46.090 – Failure to Pay Minimum Wage

7.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

COMPLAINT - 12

7.2     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("MWA").  If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

7.3     Dovex violated the provisions of RCW 49.46.090 and the MWA by failing to pay wages to Plaintiffs and members of the Class for all work performed.

7.4     Dovex also violated the MWA by not paying for rest periods taken or missed by Plaintiffs and members of the Class.

7.5     As a result of the unlawful acts of Dovex, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover those damages, including interest thereon, plus attorneys' fees and costs.

## VIII.  THIRD CLAIM FOR RELIEF
### Violations of RCW 49.46.070, WAC 296-131-015, WAC 296-131-017 & WAC 296-128-010
### Failure to Maintain Adequate and Accurate Time Records

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

COMPLAINT - 13

8.2     RCW 49.46.070 provides that "[e]very employer . . . shall make, and keep . . . a record of . . . the hours worked each day and each work week by [each] employee."

8.3     WAC 296-131-015 states, "[a] pay statement shall be provided to each employee at the time wages are paid. The pay statement shall identify the employee [and] show the number of hours worked . . . ."

8.4     WAC 296-131-017(1) provides, "[e]very employer shall keep for at least three years a record of the name, address, and occupation of each employee, dates of employment, rate or rates of pay, amount paid each pay period to each such employee and the hours worked."

8.5     WAC 296-128-010 provides that "employers shall be required to keep and preserve payroll and other records containing the following information… (6) Hours worked each workday and total hours worked each workweek."

8.6     Dovex does not allow piece-rate migrant and seasonal employees to punch in or out or otherwise record or verify their time worked each day.  Instead, a Dovex manager simply estimates the time worked by each piece-rate migrant and seasonal employee each day and rounds the time in half-hour intervals.  As a result, Dovex fails to keep an accurate record of the hours worked by Plaintiffs and the Class members and does not provide pay statements that show an accurate

COMPLAINT - 14

total of the hours worked each pay period. Dovex also fails to maintain an accurate record of the hours Plaintiffs and the Class members work in activities in addition to their piecework.

8.7     By the actions alleged above, Dovex has violated the provisions of RCW 49.46.070, WAC 296-131-015, WAC 296-131-017, and WAC 296-128-010.

8.8     As a result of the unlawful acts of Dovex, Plaintiffs and the Class are entitled to declaratory and injunctive relief, plus attorneys' fees and costs, as allowed by law.

## IX. FOURTH CLAIM FOR RELIEF
### Violation of RCW 49.52.050 — Willful Refusal to Pay Wages

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

9.3     Dovex's violations of RCW 49.46.090 and WAC 296-131-020 (as discussed above) and 29 U.S.C. §§ 1821-1822, 1831-1832 (as discussed below)

COMPLAINT - 15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

were willful and constitute violations of RCW 49.52.050.

9.4     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, as well as attorneys' fees and costs.

9.5     As a result of the willful, unlawful acts of Dovex, Plaintiffs and members of the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070, they are entitled to recovery of twice the amount of such damages as well as attorneys' fees and costs.

## X.  FIFTH CLAIM FOR RELIEF
**Violations of 29 U.S.C. § 1822(a) & 29 U.S.C. § 1832(a) –
Failure to Pay Wages When Due**

10.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2    29 U.S.C. § 1822(a) and 29 U.S.C. § 1832(a) require agricultural employers to pay migrant and seasonal employees the wages owed to them when due.

10.3    Dovex is an "agricultural employer" under 29 U.S.C. § 1802(2).

10.4    By failing to compensate Plaintiffs and Class members for all work performed, for rest breaks, and for an additional ten minutes of pay for each rest break Plaintiffs and Class members missed, Dovex has intentionally violated 29 U.S.C. § 1822(a) and 29 U.S.C. 1832(a).

COMPLAINT - 16

10.5   Under 29 U.S.C. § 1854(c)(1), for each violation of AWPA, Plaintiffs and each member of the Class are entitled to recover their actual damages or up to $500 per class member per violation in statutory damages.

## XI.  SIXTH CLAIM FOR RELIEF
### Violations of 29 U.S.C. § 1821(d)(2) & 29 U.S.C. § 1831(c)(2) – Failure to Provide Accurate Statements of Hours Worked

11.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2   Pursuant to 29 U.S.C. § 1821(d)(2) and 29 U.S.C. § 1831(c)(2), agricultural employers must provide migrant and seasonal employees with accurate written statements of hours worked, pay period earnings and net pay for each pay period.

11.3   By the actions alleged above, Dovex has intentionally violated 29 U.S.C. § 1821(d)(2) and 29 U.S.C. § 1831(c)(2).

11.4   Under 29 U.S.C. § 1854(c)(1), for each violation of AWPA, Plaintiffs and each member of the Class are entitled to recover their actual damages or up to $500 per class member per violation in statutory damages.

## XII.  SEVENTH CLAIM FOR RELIEF
### Violations of 29 U.S.C. § 1821(d)(1) & 29 U.S.C. § 1831(c)(1) – Failure to Make, Keep and Preserve Accurate and Adequate Wage Records

12.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

COMPLAINT - 17

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

12.2   Pursuant to 29 U.S.C. § 1821(d)(1) and 29 U.S.C. § 1831(c)(1), agricultural employers must make, keep and preserve records of the correct number of hours worked, the correct total pay period earnings, and the correct net pay of migrant and seasonal employees.

12.3   By the actions alleged above, Dovex has intentionally violated 29 U.S.C. § 1821(d)(1) and 29 U.S.C. § 1831(c)(1).

12.4   Under 29 U.S.C. § 1854, for each violation of AWPA, Plaintiffs and each member of the Class are entitled to recover their actual damages or up to $500 per class member per violation in statutory damages.

## XIII.  PRAYER FOR RELIEF

Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for relief against Dovex as follows:

A.   Certify the proposed Class;

B.   Declare that Dovex is financially responsible for notifying all Class members of its employment law violations;

C.   Appoint Plaintiffs as representatives of the Class;

D.   Appoint the undersigned counsel as counsel for the Class;

E.   Declare that Dovex's actions complained of herein violate 29 U.S.C. § 1821, 29 U.S.C. § 1831, 29 U.S.C. § 1822, 29 U.S.C. § 1832, WAC 296-131-020, RCW 49.52.050, RCW 49.46.070, RCW 49.46.090, RCW 49.46.020, WAC

COMPLAINT - 18

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

296-131-015, WAC 296-131-017, and WAC 296-128-010;

F. Enjoin Dovex and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Dovex, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

G. Award Plaintiffs and members of the Class actual damages or statutory damages up to $500, whichever is greater, for each violation of AWPA;

H. Award Plaintiffs and members of the Class compensatory and exemplary damages, as allowed by Washington law;

I. Award Plaintiffs and members of the Class attorneys' fees and costs, as allowed by Washington law, including under RCW 49.48.030, RCW 49.46.090, and RCW 49.52.070;

J. Award Plaintiffs and members of the Class prejudgment and post-judgment interest, as allowed by law;

K. Permit Plaintiffs leave to amend the complaint to conform to the evidence presented at trial; and

L. Grant such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 25th day of February, 2016.

COMPLAINT - 19

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Marc C. Cote, WSBA #39824
    Toby J. Marshall, WSBA #32726
    Marc C. Cote, WSBA #39824
    Attorneys for Plaintiffs and Proposed Class
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450
    Email: tmarshall@terrellmarshall.com
    Email: mcote@terrellmarshall.com

COMPLAINT - 20

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com