FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIANO CARRANZA and ELISEO MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOVEX FRUIT COMPANY,<br><br>Defendant. | No. 2:16-CV-00054-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTIONS** |

Before the Court, without oral argument, is Defendant's Motion to Certify Questions, ECF No. 57. Plaintiffs oppose the motion. ECF No. 59. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies Defendant's motion.

On March 3, 2017, the Court certified two questions to the Washington Supreme Court:

> (1) Does Washington law require agricultural employers to pay their pieceworkers for time spent performing activities outside of piece-rate picking work (e.g., "Piece Rate Down Time" and similar work)?
> (2) If the answer to the above question is "yes", how must agricultural employers calculate the rate of pay for time spent performing activities outside of piece-rate picking work (e.g., "Piece Rate Down Time" and similar work)?

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTIONS **-** 1

ECF No. 41 at 2.

On June 6, 2018, the Court received the state supreme court's Certificate of Finality and opinion. ECF No. 51. In its opinion, the state supreme court informed that the answer to the first question is yes. ECF No. 51-1 at 2. Time spent on activities outside of piece-rate picking work must be compensated on a separate hourly basis. *Id.* at 8. However, the state court deferred to this Court the resolution of the factual question of what activities are considered Piece Rate Down Time work. *Id.* at 3–4. The state court further instructed that the answer to the second question is the applicable minimum wage or the agreed contractual rate, whichever is greater. *Id.* at 4.

Now, Defendant seeks to certify two additional questions in the instant motion. ECF No. 57. First, Defendant requests that the Court certify whether the state court's rejection of workweek averaging requires prospective-only application. *Id.* The Court declines to certify this question.

Washington law presumes that decisions of law apply retroactively. *McDevitt v. Harbor View Med. Ctr.*, 316 P.3d 469, 477 (Wash. 2013) (citing *Lunsford v. Saberhagen*, 208 P.3d 1092 (Wash. 2009)). In "rare instances" the Washington Supreme Court decides to give specific decisions prospective-only application. *Id.* To give a decision prospective-only application, three conditions must be met: "(1) the decision established a new rule of law that either overruled clear precedent upon

which the parties relied or was not clearly foreshadowed, (2) retroactive application would tend to impede the policy objective of the new rule, and (3) retroactive application would produce a substantially inequitable result." *Id.* (citing *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07 (1971)).

Here, the Court does not find that this case is that "rare instance." The state court made clear that this was not a new rule of law and that case law supported its decision. As such, the state court decision is presumptively retroactive, and the clarified law applies to the instant case.

Second, Defendant requests that the Court certify whether the state court opinion violates Article I, Section 12 of the Washington State Constitution. ECF No. 57. The Court again declines to do so. The inquiry into the constitutionality of the state court's interpretation of law can be informed and decided by the existing case law, which is sufficiently clear. As Defendant even points out, the legal test is clear: (1) does the law in question implicate a "privilege or immunity" and (2) if so, did the legislature have a "reasonable ground" for granting the privilege or immunity? *Schroeder v. Weighall*, 316 P.3d 482, 486 (Wash. 2014). As the Court knows the appropriate test to apply, and how to apply it, certification is unnecessary. *See McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091-93 (9th Cir. 2012).

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion to Certify Questions, **ECF No. 57**, is **DENIED**.

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTIONS **-** 3

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 27th day of September 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY QUESTIONS **-** 4