UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIANO CARRANZA and ELISEO MARTINEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DOVEX FRUIT COMPANY,<br><br>　　　　　　　Defendant. | NO. 2:16-cv-00054-SMJ<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

　　　Plaintiffs Mariano Carranza and Eliseo Martinez move for an order preliminarily approving the settlement of this class action as described in the Settlement Agreement (attached as Exhibit A to the Declaration of Marc C. Cote in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement).  The Court has considered the Settlement Agreement, the proposed

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:16-cv-00054-SMJ

notice attached thereto, and the briefing and declaration submitted in support of preliminary approval of the settlement and is fully advised.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement.

2. For purposes of settlement, this Court certifies this case as a class action under Federal Rule of Civil Procedure 23. For the reasons stated in Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Class satisfies the elements of Rule 23(a) and Rule 23(b)(3) and thus a class action, for purposes of settlement, is appropriate. The Court certifies the following Class for purposes of settlement: "All current and former employees of Dovex Fruit Company who performed piece-rate work for Dovex in Washington at any time between November 3, 2012 and January 12, 2016."

3. The Court appoints Plaintiffs Mariano Carranza and Eliseo Martinez as Class representatives.

4. The Class is sufficiently numerous to meet the requirement of Rule 23(a)(1). The Class includes approximately 1,551 people, and joinder of all such persons would be impracticable. *See* Fed. R. Civ. P. 23(a)(1).

5. The case presents common issues of law and fact for the Class. *See* Fed. R. Civ. P. 23(a)(2). The commonality requirement is satisfied because there

1  are questions of law and fact common to the Class that center on Dovex's common

2  employment practices. *See id.*; *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133–

3  34 (9th Cir. 2016) (holding that commonality was satisfied for claims under Migrant

4  and Seasonal Agricultural Worker Protection Act ("AWPA") where answer to

5  "threshold question" of whether employer had duty to employees under AWPA

6  "would drive the resolution of the litigation" because "[w]ithout such a duty, the

7  claims of the class as a whole would fail," but "[w]ith it, Plaintiffs would clear a

8  significant legal hurdle"); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150,

9  1154 (9th Cir. 2016) (holding that commonality was satisfied based on common

10 issue presented by compensation plan where sales associates were compensated

11 through commissions but also performed worked not "directly involved in selling").

12 Plaintiffs' claims present issues similar to the issues the Ninth Circuit found satisfied

13 the commonality requirement in *Torres* and *Vaquero*: (1) whether Dovex's

14 timekeeping and pay statement disclosure practices violated AWPA, *see Torres*, 835

15 F.3d at 1133–34 (holding AWPA claims satisfied commonality), and (2) whether

16 Dovex's policy of not separately paying piece-rate workers for non-productive work

17 and instead averaging piece-rate pay over the week violated the Washington

18 Minimum Wage Act, *see Vaquero*, 824 F.3d at 1154 (holding sales associate pleaded

19 a common claim capable of class-wide resolution when he asserted that employer's

20 commission plan did not compensate for non-sales work). Plaintiffs' rest break

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:16-cv-00054-SMJ

claims also present the common issue of whether the holding in *Lopez Demetrio v. Sakuma Brothers Farms, Inc.*, 183 Wn.2d 649, 355 P.3d 258 (2015), that employers must separately pay pieceworkers for rest break time applies retroactively.

6. The typicality requirement is satisfied because Plaintiffs' claims, which are based on Dovex's common compensation and timekeeping practices, are "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

7. The adequacy of representation requirement is satisfied because Plaintiffs' interests are coextensive with, and not antagonistic to, the interests of the Class. *See* Fed. R. Civ. P. 23(a)(4); *see also Hansen*, 213 F.R.D. at 415–16. Plaintiffs are represented by qualified and competent counsel who have extensive experience and expertise in prosecuting wage-and-hour class actions, including cases involving migrant and seasonal farm workers. Fed. R. Civ. P. 23(g).

8. In addition, this Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance requirement is satisfied for purposes of settlement because the common and overarching questions in this case are whether the Washington Minimum Wage Act requires agricultural employers to separately pay piece-rate workers for non-

1  piecework time (or whether employers can average piece-rate pay across the week
2  to satisfy minimum wage obligations), whether *Lopez Demetrio*'s holding that
3  employers must separately pay pieceworkers for rest break time applies
4  retroactively, and whether Dovex's timekeeping and payroll practices violate
5  AWPA. In addition, resolution of thousands of relatively small-value claims
6  through this Settlement is far superior to individual lawsuits and promotes
7  consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3); *see also*
8  *Hansen*, 213 F.R.D. at 416–17.

9      9.   The Court preliminarily approves the Settlement Agreement and the
10 terms set forth therein—including the relief afforded by the Settlement, the requested
11 service awards to the Class representatives, and the Attorneys' Fees and Costs
12 Payment—as being fair, reasonable and adequate. The Settlement Agreement is the
13 result of extensive settlement discussions and arm's-length negotiations between
14 experienced attorneys who are familiar with class action litigation in general and
15 with the legal and factual issues of this case in particular.

16    10.  The Court approves Marc Cote of Frank Freed Subit & Thomas LLP
17 and Toby Marshall of Terrell Marshall Law Group PLLC as Class Counsel.

18    11.  The Court appoints Simpluris, Inc as Settlement Administrator. The
19 Court approves the Settlement Administrator to perform the functions required by
20 the terms of the Settlement Agreement.

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:16-cv-00054-SMJ

12. A final fairness hearing ("Final Fairness Hearing"), for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on _____, 2019, at _____ in the courtroom of the Honorable Salvador Mendoza Jr. at the Richland United States Courthouse and Federal Building, 825 Jadwin Avenue, Richland, WA 99352. At the hearing, the Court will hear arguments concerning whether the proposed settlement and the terms and conditions provided for in the Settlement Agreement should be granted final approval by the Court as fair, reasonable, and adequate.

13. The Court approves, as to form and content, the Notice to be sent to the Class Members, which is attached to the Settlement Agreement as Exhibit 1. In addition, the Court finds that distribution of the Notice substantially in the manner set forth in Paragraph 14 of this Order and Section III.K.5 of the Settlement Agreement will meet the requirements of due process and applicable law, will provide the best notice practicable under the circumstances, and will constitute due and sufficient notice to all individuals entitled thereto.

14. The procedure for distributing the Notice shall be as follows:

(a) Within 28 days of the date of this Order, the Settlement Administrator shall mail Notice to all Class Members in both Spanish and English ("Initial Mailing Date"). The Notice mailed to Class Members shall describe the Settlement and shall advise Class Members of their right to object to the Settlement

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:16-cv-00054-SMJ

and the process by which such objections must be made. The Notice also shall inform Class Members of their right to exclude themselves from the settlement and explain the exclusion process.

(b) Should any Notice be returned as undeliverable, the Settlement Administrator shall attempt one trace to locate a good address and, if located, shall make a second attempt at mailing the Notice. If such Notice is again returned as undeliverable, no further attempts at delivery of the Notice are required to be made.

(c) Within 28 days of the date of this Order, the Settlement Administrator shall also set up a settlement website containing the full notice, in Spanish and English, along with an online claim form in Spanish and English that Settlement Class Members can use to make a claim.

(d) Within 28 days of the date of this Order, the Settlement Administrator shall also manually send a text message in Spanish and English with a link to the settlement website to each Class Member for whom the Settlement Administrator possesses a phone number.

(e) Within 28 days of the date of this Order, the Settlement Administrator shall also publicize the Settlement on Facebook in Spanish (targeted to migrant and seasonal farm workers in the Wenatchee/Chelan/Chelan Falls/Orondo/Brewster/Quincy/Monitor/George area) with links to the settlement website.

  (f) Within 28 days of the date of this Order, Defendant shall post a copy of the Notice in Spanish and English at each of its ranches where migrant and seasonal workers perform work and at its offices where other employment-related notices are posted for employees.

15. If the Court grants final approval, each Class Member who submits a valid and timely Claim Form by mail, online on the settlement website, or in person at Dovex's offices will be entitled to receive a proportionate share of the Net Class Fund, calculated as set forth in Section III.E.3-6 of the Settlement Agreement. To be considered timely, the Claim Form must be postmarked, submitted online, or submitted in person no later than 90 days following the Initial Mailing Date (the "Notice Deadline").

16. A Class Member who wishes to exclude himself or herself from this settlement must submit a timely and valid written request for exclusion to Class Counsel as described in Sections III.A.16 and III.K.5.g. of the Settlement Agreement. To be timely, the exclusion request must be postmarked no later than the Notice Deadline.

17. No later than 14 days before the Notice Deadline, Class Counsel shall file a motion for final approval of the Settlement and request for attorneys' fees and costs. The papers in support of final approval, including the request for attorneys' fees and costs, shall be made available on the settlement website after filing.

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:16-cv-00054-SMJ

18. Class Members who wish to object to the Settlement must file with the Court and submit to Class Counsel and Defendant's counsel a written statement objecting to the settlement as described in Section III.K.5.f of the Settlement Agreement. Such written statement must be filed and postmarked or delivered to Class Counsel and Defendant's counsel, no later than the Notice Deadline. The notice shall provide instructions regarding how to make objections.

19. Papers responding to any objections to the Settlement shall be filed and served no later than 14 days after the Notice Deadline.

20. At the Final Fairness Hearing, the Court will determine whether the Settlement Agreement will be finally approved.

21. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Entered this _____ day of _____ 2019.

_____
SALVADOR MENDOZA JR.
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:16-cv-00054-SMJ

CERTIFICATE OF SERVICE

I, Marc C. Cote, hereby certify that on March 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Clay M. Gatens, WSBA #34102
>Sally F. White, WSBA #49457
>Devon A. Gray, WSBA #51485
>JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
>Attorneys for Defendant
>2600 Chester Kimm Road
>P.O. Box 1688
>Wenatchee, WA 98807-1688
>Telephone: (509) 662-3685
>Facsimile: (509) 662-2452
>Email: clayg@jdsalaw.com
>Email: sallyw@jdsalaw.com
>Email: devong@jdsalaw.com

DATED this 22nd day of March, 2019.

>FRANK FREED SUBIT & THOMAS LLP
>
>By: /s/ Marc C. Cote, WSBA #39824
>   Marc C. Cote, WSBA #39824
>   705 Second Avenue, Suite 1200
>   Seattle, Washington 98104
>   Telephone: (206) 682-6711
>   Facsimile: (206) 682-0401
>   Email: mcote@frankfreed.com
>
>*Attorneys for Plaintiffs and Proposed Class*

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:16-cv-00054-SMJ