FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIANO CARRANZA, individually and on behalf of all others similarly situated; and ELISEO MARTINEZ, individually and on behalf of all others similarly situated, | No.  2:16-cv-00054-SMJ |
| Plaintiffs, | **PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |
| v. | |
| DOVEX FRUIT COMPANY, | |
| Defendant. | |

Before the Court, without oral argument, is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 92. The parties have agreed, subject to the Court's final approval following notice to the proposed settlement class and a fairness hearing, to settle this action on the terms and conditions set forth in the Class Action Settlement Agreement and Release (the "Agreement"). ECF No. 93 at 17–35. The Agreement requires Defendant Dovex Fruit Company to pay a total of $1,225,000 and to provide injunctive relief to the proposed settlement class, including timekeeping policy changes and wage-and-hour rights training for all orchard managers and crew bosses. *Id.* Dovex will also

pay all costs associated with notice and administration of the Settlement.[1] *Id.*

Plaintiffs Mariano Carranza and Eliseo Martinez ask the Court to (1) grant preliminary approval of the Settlement; (2) provisionally certify the proposed Settlement Class; (3) appoint Frank Freed Subit & Thomas LLP and Terrell Marshall Law Group PLLC as Class Counsel; (4) appoint Plaintiffs as Class representatives; (5) approve the proposed notice plan; (6) appoint Simpluris, Inc. as Settlement Administrator; and (7) schedule the final fairness hearing and related dates proposed by the parties. ECF No. 92 at 1–2. The motion is unopposed.

The Court has reviewed the Agreement, as well as the documents submitted and the proceedings and entire file to date in this matter. Based upon preliminary examination, the Court is fully informed.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, **ECF No. 92**, is **GRANTED**.

2.    ***Preliminary Approval of Proposed Settlement.*** The Agreement, its terms, and any appended exhibits are preliminarily approved as fair, reasonable, and adequate; they are hereby incorporated as though fully set forth in this Order. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 818

---

[1] Capitalized terms shall have the meaning ascribed to them in the Agreement. ECF No. 93 at 18–19.

PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 2

(9th Cir. 2012); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (noting that when settlement precedes formal class certification, approval of a settlement requires a "higher standard of fairness"). Capitalized terms shall have the meanings attributed to them in the Agreement. The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, and (b) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class.

3.    ***Class Certification for Settlement Purposes Only.*** Pursuant to Federal Rule of Civil Procedure 23, the Court, for settlement purposes only, conditionally certifies the following Settlement Class: <u>All current and former employees of Dovex Fruit Company who performed piece-rate work for Dovex in Washington at any time between November 3, 2012 and January 12, 2016.</u>

In connection with the certification, the Court makes the following preliminary findings:

*A.*    The Settlement Class satisfies Rule 23(a)(1) because the Class appears to be so numerous that joinder of all members is impracticable;

*B.*    The Settlement Class satisfies Rule 23(a)(2) because there appear to be questions of law or fact common to the Class;

*C.*    The Settlement Class satisfies Rule 23(a)(3) because the claims of the Plaintiffs named in the caption appear to be typical of the

claims being resolved through the proposed Settlement;

**D.** The Settlement Class satisfies Rule 23(a)(4) because the named Plaintiffs appear to be capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement and because counsel representing the Class are qualified, competent, and capable of prosecuting this action on behalf of the Class;

**E.** The Settlement Class satisfies Rule 23(b)(3) because, for purposes of Settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Class Members and because the settlement with the above-described Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class. The Class appears to be sufficiently cohesive to warrant settlement by representation.

In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a Settlement Class.

**4.** *Class Representatives.* For settlement purposes only, the Court hereby designates Plaintiffs Mariano Carranza and Eliseo Martinez as class representatives ("Class Representatives") pursuant to Rule 23 and finds that they have and will continue to fairly and adequately protect the interests of the Settlement Class.

**5.** *Class Counsel.* For settlement purposes only, the Court designates Marc Cote of Frank Freed Subit & Thomas LLP and Toby Marshall of Terrell Marshall Law Group PLLC as counsel for the Class ("Class Counsel"). For purposes of these settlement proceedings, the Court

PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 4

finds that Class Counsel are competent and capable of exercising their responsibilities.

6. ***Settlement Administrator.*** The Court appoints Simpluris, Inc. as the Settlement Administrator that shall fulfill the settlement administration functions, duties, and responsibilities as set forth in the Agreement.

7. ***Final Fairness Hearing.*** A final approval hearing (the "Final Fairness Hearing") is **SET** for **August 22, 2019** at **10:30 AM** in **Richland**, Washington for the Court to determine whether the Agreement is fair, reasonable, and adequate, and to give final approval. The Court may reset the Final Fairness Hearing at any time without notice.

8. ***Notice.*** The Court approves the form and content of the notice set forth as Exhibit 1 of the Agreement, ECF No. 93 at 37–43. It is hereby incorporated as though fully set forth in this Order. Within twenty-eight (28) days of entry of this Order, Simpluris shall deliver notice to all Class Members who can be identified with reasonable effort and published in the manner set forth in the Agreement. Notices sent by U.S. Mail or email and published shall be substantially in the form attached as Exhibit 1.

9. ***Findings Concerning Notice.*** Because the Class consists of migrant and seasonal workers who may be difficult to reach, the parties have

agreed to a multi-faceted notice program. The Court finds that the notice and the manner of its dissemination described in the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class. The Court finds that the notice plan is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process, Rule 23, and any other applicable laws.

10. ***Exclusion from Settlement Class.*** Each Class Member who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in Sections III.A.16 and III.K.5.g of the Agreement shall be excluded. To be timely, the exclusion request must be postmarked no later than the Notice Deadline. All persons who properly request exclusion from the Settlement Class shall not be Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be finally approved.

11. ***Objections and Appearances.***

   A. ***Written Objections.*** Class Members who wish to object to the Settlement must file with the Court and submit to Class Counsel

PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 6

and Defendant's counsel a written statement objecting to the settlement as described in Section III.K.5.f of the Agreement. Such written statement must be filed and postmarked or delivered to Class Counsel and Defendant's counsel no later than the Notice Deadline. The notice shall provide instructions regarding how to make objections. Any objection not timely made in this manner shall be barred.

B.    ***Responses to Objections.*** Papers responding to any objections to the Settlement shall be filed and served no later than fourteen (14) days after the Notice Deadline.

C.    ***Appearance at Final Fairness Hearing.*** Any objecting Class Member who wishes to address the Court at the Final Fairness Hearing must indicate his or her intent to do so in writing to Class Counsel at the same time that the Class Member submits the objection. Class Counsel will inform the Court and Defendant's counsel accordingly.

12.    ***Papers for Fees and Expenses.*** No later than fourteen (14) days before the Notice Deadline, Class Counsel shall file a motion for final approval of the Settlement and request for attorneys' fees and costs. The papers in support of final approval, including the request for attorneys' fees and costs, shall be made available on the settlement website after filing. If oral argument is requested, the motion will be heard on **August 22, 2019** at **10:30 AM** in **Richland**, Washington.

13.    ***Discretion of Counsel.*** Counsel are hereby authorized to take the reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the

Agreement, including, without further approval of the Court, making minor changes to the content of the Notice that they jointly deem reasonable or necessary.

14.     ***Stay of Proceedings Pending Approval of the Settlement.*** All proceedings, dates, and deadlines currently before the Court are **STRICKEN** pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

15.     ***Reservation of Rights and Retention of Jurisdiction.*** The Court reserves the right to adjourn or reset the date of the Final Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

        **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

        **DATED** this 10th day of April 2019.

        _____
        SALVADOR MENDOZA, JR.
        United States District Judge